UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

October 27, 2016

## LETTER OPINION

Re: **Murtada v. U.S. Dept. of Transp., *et al*,**
    **Civil Action No. 16-04639**

Dear Litigant:

The Court is in receipt of your complaint and application to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. *See* D.E. 1.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.[1]

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). And when considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

---

[1] The Court notes that Plaintiff did not sign the section of the *in forma pauperis* application affirming the truth of the statements included therein. The Court will assume that Plaintiff's failure to sign was a mere oversight and that his financial information is truthfully and accurately stated. Since the Court is dismissing this matter without prejudice, if Plaintiff opts to file an amended complaint, he must also include a signed application.

1

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir.1981)). If subject-matter jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case if either a federal question is presented or if the parties are completely diverse and the attendant monetary threshold is satisfied. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

According to Plaintiff's complaint and the exhibits attached thereto, on May 28, 2015, the Federal Motor Carrier Safety Administration ("FMCSA") rejected Plaintiff's "request for reinstatement of [his commercial motor vehicle] operating authority registration." D.E. 1-3. On April 11, 2016, pursuant to an administrative appeal, the FMCSA overturned its decision and reinstated Plaintiff's operating authority. D.E. 1-5. The entirety of the facts alleged in Plaintiff's complaint are as follows:

> Plaintiff the owner of Public Transportation Authority US Dot # 591725, Mc # 301706 since 1996 until the events Rise. FMCSA Revoked my Authority Due to Insurance Liability cancellation on 7/7/14 the FMCSA sent a letter to plaintiff directing the motor carrier to reinstate the Authority once the Insurance Liability in place. the plaintiff bought Insurance Liability From night Brook Insurance Company in 10/22/2014 and timely Filed the reinstatement form and the fees in Amount of $80.00 paid to the FMCSA timely Exh. (P-1). but the FMCSA made Factual Error by wrongfully rejected my Petition to reinstate my Authority on 5/28/2015 Exh. (P-2). then the Plaintiff timely filed an appeal with u.s. Department of Transportation on 6/5/2015 Exh. (P-3). The Department of Transportation on 04/12/2016 Granted my Appeal and ordered the FMCSA Agency to reinstate my Authority # 591725. Exh. (P-4). During this Period of time the Plaintiff sustained damage and Expenses and loss of Contracts and loss of business more that $300,000.00 + Interest + costs.[2]

[D.E. 1 at 3.]

Plaintiff attached five exhibits to his complaint which collectively demonstrate that the FMCSA decision to revoke his commercial motor vehicle operating authority was overturned

---

[2] The Court quotes Plaintiff's language as it appears in the complaint, including grammar, punctuation, and capitalization.

pursuant to an administrative appeal and his operating authority was reinstated. *Id.* at Exs. 1-5. Plaintiff seeks relief

> for the damage sustained from the defendant negligence and wrong doing For the Plaintiff Loss of income, Loss of contracts, Loss of Business and all expenses. Just Insurance Liability During this Period the Plaintiff Paid $90,000 dollars as follows:
>
> 1. Insurance Premium to Night brook Ins. Co. and Topa Insurance Company Exh. (P-5) $90,000.00
>
> 2. Loss of Contracts $190,000.00
>
> 3. Loss of Income will be calculated with Cost & Interests.[3]
>
> [*Id.* at 4.]

Here, the complaint fails to assert a cognizable claim against Defendants, the Department of Transportation and the FMCSA. Even when viewing the complaint liberally, the Court is unable to ascertain an identifiable claim upon which relief can be granted.

Defendants are agencies of the federal government who may not be sued absent a waiver of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Under the Federal Tort Claims Act, the United States has waived its sovereign immunity for tort claims "caused by the negligent or wrongful act or omission" of federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Meyer*, 510 U.S. at 477-78.

It appears that Plaintiff is claiming damages sustained as a result of the FMCSA's initial decision to revoke his commercial vehicle operating authority. In essence, it appears that Plaintiff is proceeding on a theory that because the FMCSA's initial decision was "negligent" and "wrongful" (as evidenced by the fact it was overturned on appeal), he should be able to recover damages flowing therefrom. However, Plaintiff has cited no legal authority, and the Court has found none, that supports a cognizable cause of action under such facts. Accordingly, Plaintiff has not stated a cognizable legal claim.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). If the complaint is dismissed without prejudice, a plaintiff may amend the complaint. *Id.* The district court should deny leave to amend only if (1) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or

---

[3] Again, the Court quotes Plaintiff's claim for relief as it appears in the complaint.

3

(2) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, the Court will dismiss the complaint without prejudice and will permit Plaintiff to refile his complaint with greater particularity describing the nature and basis of jurisdiction for his claims. Plaintiff must indicate a claim or cause of action that is legally recognized. The Court notes that Plaintiff's complaint has already been dismissed once without prejudice under a different docket number. *See Murtada v. U.S. Dep't of Transp.*, 16-3057 at D.E. 2 (D.N.J. June 17, 2016). If Plaintiff intends to refile, he must do so within forty-five days of this order.

Finally, the Court notes that Plaintiff has included his credit card information on the public docket. *See* D.E. 1, attachment 2. In the interest of protecting Plaintiff's confidential information, the Court will order that docket entry 1, attachment 2 be sealed. If Plaintiff wishes to refile his complaint and maintain a complete record, he should refile docket entry 1, attachment 2 with all confidential information redacted.

In conclusion, Plaintiff's application to proceed *in forma pauperis* is granted and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, docket entry 1, attachment 2 shall be sealed. An appropriate order accompanies this opinion.

John Michael Vazquez, U.S.D.J.

4