CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

May 1, 2017

### LETTER OPINION

Re: **Murtada v. U.S. Dept. of Transp.,** *et al,*
**Civil Action No. 16-04639**

Dear Litigant:

The Court is in receipt of *pro se* Plaintiff's Amended Complaint. *See* D.E. 10. On June 17, 2016, the Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed the Complaint without prejudice for failure to state a claim. Docket No. 16-3057, D.E. 2. Plaintiff then filed another Complaint concerning the same subject matter under the above-captioned docket number, 16-04639. D.E. 1. On October 27, 2016, the Court again dismissed Plaintiff's Complaint without prejudice for failure to state a claim. D.E. 4. On December 12, 2016, Plaintiff filed another complaint under another docket number, 16-9125, which the Court dismissed and ordered that if Plaintiff chose to file an amended complaint, he must do so under docket number 16-0439 within thirty days. Docket No. 16-9125, D.E. 2.

On January 19, 2017, Plaintiff requested a one-month extension of time to file an amended complaint, which the Court granted. D.E. 8. Plaintiff indicated that the extension was necessary so that he could retain counsel in this matter. D.E. 7. On approximately February 22, 2017, prospective counsel contacted the Court via telephone and indicated that she may be retained, and requested additional time to file an amended complaint. D.E. 9. The Court granted the extension ordering that if Plaintiff chose to file an amended complaint, he must do so on or before March 17, 2017, whether through counsel or proceeding *pro se*. *Id.* It appears that Plaintiff ultimately did not retain counsel. On March 17, 2017, *pro se* Plaintiff filed the Amended Complaint. D.E. 10.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar.

18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). And when considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir.1981)). If subject-matter jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case if either a federal question is presented or if the parties are completely diverse and the attendant monetary threshold is satisfied. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

The facts of this matter are described in detail in the Court's October 27, 2016 Opinion. D.E. 4. Plaintiff's Amended Complaint does not include any of the factual allegations described in his previously filed Complaints.[1] The Amended Complaint alleges that "Defendants made factual error, discrimination due to his background authentics (sic) and negligence in rejecting the Plaintiff['s] operating authority by their written order . . . due to this factual error the plaintiff suffered a hudge (sic) amount of loss and damages as addressed [in] the orgional (sic) compalint (sic)."[2] D.E. 10.

The Amended Complaint fails to plausibly assert a cognizable claim against Defendants. Even when viewing the Amended Complaint liberally, and including the allegations from the August 2, 2016 Complaint (D.E. 1), the Court is unable to ascertain an identifiable claim upon which relief can be granted.

As noted in the Court's October 27, 2016 Opinion, the initial Complaint did not state a viable cause of action. The additional allegations in the Amended Complaint do not remedy the deficiencies identified by the Court. The Amended Complaint does not allege any facts -- much less plausible facts -- to support a cause of action. Even when construed liberally, Plaintiff makes only a conclusory statement that Defendants discriminated against him and were negligent, without providing any facts to support his claim.[3]

---

[1] The Amended Complaint is two pages long and is written in a manner more akin to a letter.

[2] The Amended Complaint was also written in all capital letters.

[3] The Court assumes that when Plaintiff states that he was discriminated against due to his "background authentics" that he means he was discriminated against due to his race or ethnicity. Even when employing this liberal construction, the Amended Complaint fails to state a claim.

2

Although Plaintiff requests to amend the Complaint "to include the discrimination against him" (D.E. 10), the Court made clear in its February 22, 2017 Order that "no further extensions shall be granted, (D.E. 9). If Plaintiff wanted to include facts about any alleged discrimination, he was required to do so in the Amended Complaint. The Court has dismissed Plaintiff's Complaint without prejudice three times and provided him with multiple extensions that have amounted to months of time to file a proper complaint. Therefore, Plaintiff's request for an additional extension is denied and the Amended Complaint is dismissed with prejudice.

In conclusion, Plaintiff's Amended Complaint is dismissed with prejudice. This means the matter is closed and Plaintiff may not re-file another complaint against the named defendants based on the allegations raised in this case. An appropriate Order accompanies this Opinion.

_____
John Michael Vazquez, U.S.D.J.